Turley, J.
delivered the opinion of the court.
This is an action of assumpsit in the usual form, against the plaintiff in error, as the drawer of a bill of exchange upon a citizen of the State of Mississippi. The declaration contains the common averments of diligence in presentation, dishonour of the bill, and notice thereof to the drawer. The proof shows that the bill was drawn payable at sight, and dated the 31st of August, 1838, and that it was protested for non-acceptance on the 18th day of January, 1839; no notice of this dishonor was given in pursuance of commercial usage to the drawer, but the proof further shows that some time in the year 1836, a bill had been drawn by the plaintiff and his partner on Leigh, Maddux & Co., for the sum of three hundred and twenty dollars, which bill one Charles W. Allen, by written contract, bearing date January 21st, 1836, agreed to take up; that the bill which is the foundation of this suit, was drawn upon said Charles W. Allen, for the purpose of satisfying the first, and that the plaintiff in error, after the dishonor of the bill, agreed that provided the defendants in error would procure the agreement of Allen and deliver it to him, he would pay the bill, which was done. Upon this state of facts the court charged the jury, that if the defendant promised, in consideration, that the plaintiffs would procure the agreement of Allen, and send it to him, he would pay the bill, and they did so procure it, and tender it to him, that the same, though unequal in value to the amount of the bill, would be a sufficient consideration to support the promise, and the plaintiffs would be in that event entitled to their verdict, although the defendant was not informed that the holders of the bill had not made use of the requisite diligence to charge him as drawer.
This charge is excepted to, and we think for good reason. The declaration is framed as we have seen in the usual form, charging a proper demand, dishonor and notice. There is no count upon the particular contract, upon which the charge is based, and the question is, was the judge of the circuit court warranted by law in saying that a promise for a good consideration to take up the bill, without knowing that proper steps had not been taken to charge him, bound the drawer, under this state of pleading.
*561 The law is, that a neglect to give [notice of the non-payment of a bill or note, may be waived by the person entitled to take advantage of it; that a payment of part or promise to pay, or any thing equivalent thereto, made by a person after a knowledge of the la-ches amounts to a waiver of the consequence and admits the right of action.. The effect of such partial payment or promise to pay, has been carried still further, and been held not merely to be a waiver of the right to object to the laches, but to be an admission that the bill or note had been regularly presented and dishonored, and that due notice thereof had been given. See Chitty on Bills, 9th American from 8th London Edition, from page 533 to 536, where the cases upon this point, both English and American, are referred to, which fully sustain the above positions. Whatis the consequence as applicable to the case under consideration? If a man, as drawer or endorser of a note or bill of exchange, with the knowledge that proper steps have not been taken to charge him, promise to pay, he is bound thereby, and may be declared against as a drawer or endorser, whose liability has been legally fixed, because the promise is held to be an admission that the requisites of the law have been complied with, which he will not be permitted afterwards to controvert. But if he promise to pay without a knowledge of the facts which discharge him, he is not bound thereby, and may make his defence. In the case under investigation, the promise was made under anew consideration, which the judge held to be obligatory, without a knowledge of the want of liability. We have no objections to this abstract principle. We think it correct, but not available under this declaration. There ought to have been a special count framed thereon. If the drawer had no knowledge of the laches of the holder, or if he had, it should have been charged that a promise to pay after knowledge was an admission of due diligence, neither weakened nor strengthened by the new consideration. The judgment of the circuit court will, therefore, be reversed, and the case remanded for a new trial.